BINGHAM MCCUTCHEN LLP
Geoffrey M. Howard (SBN 157468)
Email: geoff.howard@bingham.com
James B. Lewis (SBN 71669)
Email: james.lewis@bingham.com
Bree Hann (SBN 215695)
Email: bree.hann@bingham.com
Chad Russell (SBN 246046)
Email: chad.russell@bingham.com
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286

Attorneys for Plaintiff and
Counterdefendant
Yardi Systems, Inc.

*Additional Counsel Are Listed Below*
*Signature Page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YARDI SYSTEMS, INC., | Case No. CV 11-690 ODW (JEMx) |
| Plaintiff, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| v. | |
| REALPAGE, INC. and DC CONSULTING, INC., | |
| Defendants. | |
| REALPAGE, INC., | |
| Counterclaimant, | |
| v. | |
| YARDI SYSTEMS, INC., | |
| Counterdefendant. | |

SF1:826042.1

Disclosure and discovery activity in the above-captioned Action (the "Action") is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, plaintiff and counterdefendant Yardi Systems, Inc. ("Yardi"), defendant and counterclaimant RealPage, Inc. ("RealPage"), and defendant DC Consulting, Inc. ("DC Consulting") (collectively, the "Parties") hereby stipulate to and petition the Court to enter the following Protective Order ("Protective Order"). The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to protected or confidential treatment. The Parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the Court to file material under seal.

It is hereby ORDERED as follows:

1. This Protective Order shall be applicable to and govern all depositions, documents, information, or things produced or disclosed by a Party or third party in connection with this Action, whether in initial or amended disclosures, expert reports, in response to requests for production of documents, requests for inspections of things, answers to interrogatories, responses to requests for admissions, answers to deposition questions, or in any other discovery or disclosure process undertaken in this Action, and which has been designated hereunder ("Discovery Material").

2. A Party (or, if applicable, non-party) producing information covered by this Protective Order shall be referred to as the "Designating Party." Any Party (or, if applicable, non-party) receiving Discovery Material covered by this

1  Protective Order shall be referred to as the "Receiving Party." Counsel for any

2  Designating Party may designate Discovery Material under the terms of this

3  Protective Order only if such counsel in good faith believes that it is subject to

4  protection under Federal Rule of Civil Procedure 26(c). The designation by any

5  Designating Party of any Discovery Material as "Confidential Information" or

6  "Highly Confidential Information – Attorneys' Eyes Only" shall constitute a

7  representation that an attorney for the Designating Party reasonably believes there

8  is a valid basis for such designation after review of that Discovery Material. If at

9  any time the Designating Party no longer believes there is a valid basis for

10  Discovery Material previously designated as "Confidential Information" or

11  "Highly Confidential Information – Attorneys' Eyes Only" to continue to be

12  designated as such, the Designating Party shall promptly inform the Receiving

13  Party in writing.

14      3.     The protections conferred by this Protective Order cover not only

15  Discovery Material designated as "Confidential Information" or "Highly

16  Confidential Information – Attorneys' Eyes Only" but also (1) any information

17  copied or extracted from "Confidential Information" or "Highly Confidential

18  Information – Attorneys' Eyes Only"; (2) all copies, excerpts, summaries, or

19  compilations of "Confidential Information" or "Highly Confidential Information –

20  Attorneys' Eyes Only"; and (3) any testimony, conversations, or presentations by

21  Parties or their Counsel that might reveal "Confidential Information" or "Highly

22  Confidential Information – Attorneys' Eyes Only." However, the protections

23  conferred by this Protective Order do not cover the following information: (a) any

24  information that is in the public domain at the time of its production in this Action

25  to the Receiving Party, or becomes part of the public domain after its production in

26  this Action to the Receiving Party through no fault or misconduct on the part of the

27  Receiving party; and (b) any information known to the Receiving Party prior to its

28  disclosure in this Action, or obtained by the Receiving Party after its disclosure in

this Action, from a source who, so far as the Receiving Party is aware, obtained the information lawfully and through means other than formal discovery in this Action. This Stipulation and Order shall not apply to the use of "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" at trial, which shall be governed by a separate agreement or Court Order.

4.      Even after Final Disposition of the litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs. Final Disposition shall be deemed to be the later of (1) dismissal of all claims in this Action, with or without prejudice; or (2) final judgment in this Action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      Any non-party to this Action may designate any Discovery Material produced by it, whether pursuant to subpoena or otherwise, as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" pursuant to the terms of this Protective Order, and in so designating the non-party and the Parties agree that the restrictions and terms of this Protective Order shall be applicable to all such Discovery Material to the same extent as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material produced by a Party. The non-party producing Discovery Material must first sign a complete copy of this Protective Order and include such signed copy with its production.

6.      In the event that a Party is required by a valid discovery request to produce any information held by it subject to an obligation of confidentiality in favor of a third party, the Party shall, promptly upon recognizing that such third party's rights are implicated, provide the third party with a copy of this Protective Order and inform the third party in writing (i) of the Party's obligation to produce

such information in connection with this Action and of its intention to do so,
subject to the protections of this Protective Order; and (ii) of the third party's right
within fourteen (14) calendar days to seek further protection from the Court if it
objects to the Party's production of such information or regards the provisions of
this Protective Order to be inadequate under the circumstances. Thereafter, the
Party shall refrain from producing such information for a period of not less than
fourteen (14) days in order to permit the third party an opportunity to seek further
protection or other relief from the Court. If the third party fails to seek such further
protection or other relief from the Court within that period, the Party shall
promptly produce the information in question subject to the protections of this
Protective Order, or alternatively, shall promptly seek to be relieved of this
obligation by the Court.

7. A non-party's invocation of this Protective Order to protect its
information does not entitle that non-party to access the "Confidential
Information" or "Highly Confidential Information – Attorneys' Eyes Only"
Discovery Material produced by any Party or other non-party in this Action, or to
information derivative thereof as outlined in Paragraph 3.

8. For purposes of this Protective Order, "Confidential Information"
shall mean information that a Designating Party reasonably and in good faith
considers to constitute confidential technical, sales, marketing, financial, or
business information, other sensitive personal or commercial information, or
private information subject to protection under California law. "Confidential
Information" shall be so designated pursuant to the protocol set forth below, and
the use and disclosure of such information shall be restricted as set forth in this
Protective Order.

9. For purposes of this Protective Order, "Highly Confidential
Information – Attorneys' Eyes Only" shall mean information that a Designating
Party reasonably and in good faith considers to be "Confidential Information" as

defined in Paragraph 8, the disclosure, dissemination or use of which the Designating Party in good faith believes could reasonably foreseeably result in competitive or business injury to the Designating Party (other than injury to the Designating Party's position in this Action). "Highly Confidential Information – Attorneys' Eyes Only" shall be so designated pursuant to the protocol set forth below, and the use and disclosure of such information shall be restricted as set forth in this Protective Order.

10. Any Discovery Material designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only," whether such information is provided orally or by a document or in electronic form, shall be maintained by the Receiving Party as set forth in this Protective Order, and shall not be disclosed to any person or entity, except as permitted by this Protective Order or as subsequently ordered by the Court.

11. Discovery Material that a Designating Party contends constitutes "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" shall be designated by the Designating Party as follows:

a. Documents or other tangible Discovery Material shall, at the time of production, be designated by stamping or labeling the same with the legend "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" on each page of a document or material containing such information. Where the Designating Party is a non-party, the non-party may designate its documents or other tangible Discovery Material produced by describing the designation in a cover letter, and the Receiving Party shall be responsible for stamping or labeling the documents in accordance with the non-party's designations.

b. Electronic media shall, at the time of production, be designated by affixing a label to such media.

c. The Designating Party and Receiving Parties shall meet and

confer prior to production of native format information with respect to the method of designation.

d.      A Party or non-party that makes original documents or materials available for inspection need not designate under this Protective Order until after the inspecting party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential Information – Attorneys' Eyes Only."  After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Protective Order.  Then, before producing the specified documents, the producing party must designate each item as outlined in this Order.

e.      All Discovery Material not reduced to documentary, tangible, or physical form or that cannot be conveniently designated as set forth above in Paragraphs 11(a) through (d), shall be designated by the Designating Party by informing the Receiving Party of the designation in writing.

f.      In the case of deposition testimony, the Designating Party may designate testimony either by making a statement on the record during the deposition, or in writing within twenty (20) calendar days after receiving a certified copy of the deposition transcript, that certain testimony is "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only," at which point any portion so designated shall be treated in accordance with the terms of this Protective Order.  All deposition transcripts shall be treated as "Highly Confidential Information – Attorneys' Eyes Only" until the expiration of the time to make a written confidentiality designation. Where confidentiality designations of deposition testimony are made orally on the record during a deposition, the Designating Party shall confirm that designation in a writing within a reasonable period of time after receiving the transcript to assist in record-keeping, but in no

case shall any delay in such confirmation affect the oral designation, and portions of the transcript so designated on the record shall be treated as "Confidential Information" or "Highly Confidential Information -- Attorneys' Eyes Only," as orally designated, in accordance with the terms of this Protective Order.

g.    Non-documentary and non-testimonial material, such as oral statements, shall be designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" at the time of disclosure and promptly confirmed by the Designating Party in writing.

12.    Inadvertent failure to designate Discovery Material as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice upon discovery of such failure designating such Discovery Material as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" in a manner consistent with Paragraph 11. The Party receiving such supplemental written notice shall thereafter mark and treat materials or information so designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" as appropriate, and such Discovery Material shall be fully subject to this Protective Order as if it had been initially so designated.  A person disclosing Discovery Material that is subsequently designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" shall in good faith assist the Designating Party in retrieving such Discovery Material from all recipients not entitled to access to such Discovery Material under the terms of this Protective Order and prevent further disclosures except as authorized under the terms hereof.

13.    Except as the Designating Party or its counsel may otherwise agree in writing, or as the Court may otherwise order, all Discovery Material designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" and received by any Receiving Party pursuant to this Protective Order:

(a) shall be disclosed only to such persons and in such manner as authorized in this Protective Order; (b) shall be used solely for the purposes of this Action and not for any other purposes, including, without limitation, any business or commercial purpose, or purposes of any litigation or dispute outside this Action.  The prohibitions on the use or disclosure of "Confidential Information" and "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material as set forth in this Protective Order shall survive the Final Disposition of this Action.

14.     A Receiving Party may disclose or make available any Discovery Material designated as "Confidential Information" and/or any information derived from it only to the following persons:

a.     Counsel to the Parties in this Action (outside counsel, of counsel, and in-house counsel, including members of the outside counsel firms, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical, and other regular or temporary employees);

b.     Consultants and vendors of such Counsel to the Parties (including trial consultants, jury consultants, and service vendors such as outside copying services, outside litigation support services, translations services or graphics, design, or document handling services/consultants retained in connection with this Action for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings) ("Consultants and Vendors"), provided that no Discovery Material designated as "Confidential Information" shall be disclosed to any Consultants and Vendors or temporary employees of Counsel to the Parties unless and until such person has executed a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A;

c.     The Parties and directors or employees of the Parties assisting counsel for the purposes of this Action;

d.     Witnesses (other than witnesses and deponents otherwise

covered by (a) through (c) above), and their counsel, during the course of depositions or testimony in this Action, provided that the witness must first execute a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A before being shown such information;

e. Retained experts and expert consultants assisting Counsel for the Parties in this Action, and only to the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action, subject to the provisions of Paragraph 17 below;

f. Any non-party witness to the limited extent the Discovery Material indicates on its face that the witness authored or received the Discovery Material in the ordinary course of business, provided that (i) the witness shall only be shown the specific portions of the Discovery Material to which access is permitted in this subparagraph, with all other designated material redacted, (ii) the witness must first execute a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A before being shown such Discovery Material, and (iii) Counsel disclosing such Discovery Material shall maintain and preserve a complete contemporaneous record of all Discovery Material, including redactions thereto, disclosed to the witness and provide same to the Designating Party promptly upon request. This subparagraph shall also permit disclosure to a non-party Rule 30(b)(6) deponent of any Discovery Material which indicates on its face that it was authored or received by the non-party or the non-party's employer, subject to the provisions of subsections (i), (ii) and (iii) hereof;

g. The Court and its staff and administrative personnel, and Court reporters, videographers, and stenographers employed to take depositions, and any essential personnel retained by the Court; and

h. Any other person only upon order of the Court or upon stipulation of the Designating Party.

SF1:826042.1

15.     A Receiving Party may disclose or make available any "Highly Confidential Information – Attorneys' Eyes Only" and/or any information derived from it only to the following persons:

        a.     Outside Counsel to the Parties in this Action (including members of the outside counsel law firms, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees);

        b.     Consultants and Vendors of Outside Counsel to the Parties, provided that no Discovery Material designated as "Highly Confidential Information – Attorneys' Eyes Only" shall be disclosed to any Consultants and Vendors or temporary employees of Outside Counsel to the Parties unless and until such person has executed a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A;

        c.     Witnesses in the course of deposition in this Action who appear on the face of the document designated "Highly Confidential Information – Attorneys' Eyes Only" to have been a sender or recipient thereof (as well as, in the case of non-party deponents, counsel representing them during their deposition), provided that (i) the witness shall only be shown the specific portions of the Discovery Material to which access is permitted in this subparagraph, with all other designated material redacted, and (ii) the witness must first execute a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A before being shown such Discovery Material.  This subparagraph shall also permit disclosure to a non-party Rule 30(b)(6) deponent in the course of deposition in this Action of any Discovery Material which indicates on its face that it was authored or received by the non-party or the non-party's employer, subject to the provisions of subsections (i) and (ii) hereof;

        d.     Retained experts and expert consultants assisting Counsel for the Parties in this Action, and only to the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in

the prosecution or defense of this Action, subject to the provisions of Paragraph 17 below;

e. The Court and its staff and administrative personnel, and Court reporters, videographers, and stenographers employed to take depositions, and any essential personnel retained by the Court; and

f. Any other person only upon order of the Court or upon stipulation of the Designating Party.

16. Counsel for any Party to this Action or counsel for the witness may exclude from the room during any deposition any person who is not entitled under the provisions of Paragraph 14 or 15 to receive or review "Confidential Information" or "Highly Confidential Information – Attorneys Eyes' Only" Discovery Material during the time that such information is being disclosed or discussed in the deposition. Except as set forth in Paragraphs 14(d) and 15(c), no witness may be shown or examined on any "Confidential Information" or "Highly Confidential Information – Attorneys Eyes' Only" Discovery Material unless that witness is entitled to receive or review such material under the provisions of Paragraphs 14 or 15, or unless otherwise agreed by counsel for the Designating Party of the "Confidential Information" or "Highly Confidential Information – Attorneys Eyes' Only" Discovery Material at issue and subject to the terms of that consent. In the event that counsel for the Designating Party of the "Confidential Information" or "Highly Confidential Information – Attorneys Eyes' Only" at issue agrees that a witness not covered by Paragraphs 14 or 15 (a "Third-Party Deponent") may be shown or examined on any such "Confidential Information" or "Highly Confidential Information – Attorneys Eyes' Only" Discovery Material, the witness must first be advised of the confidential nature of the "Confidential Information" or "Highly Confidential Information – Attorneys Eyes' Only" Discovery Material and be informed and agree on the record that any unauthorized disclosure of the "Confidential Information" or "Highly

Confidential Information – Attorneys Eyes' Only" Discovery Material may constitute a contempt of this Court.

17. "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material may be provided to retained experts and/or expert consultants assisting counsel to the Parties in this Action under the following conditions and circumstances:

a. "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material may be provided to retained experts and/or expert consultants only to the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action, provided that such expert or expert consultant, and any of their employees working on this matter: (i) is not currently, and has not since April 2009 been a competitor of the Designating Party, or a partner, director, officer, employee, or other affiliate of such a competitor; (ii) is using said "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material solely in connection with the rendition of expert services to counsel for a Party to this Action; and (iii) signs a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A. Counsel to the Party using the expert or expert consultant shall be responsible for obtaining the signed Declaration of Compliance, retaining the original, executed copy, and serving it on counsel for all Parties. Declarations of Compliance for the expert's or expert consultant's employees need not be served.

b. At least five (5) business days prior to providing an expert or expert consultant with any information that has been designated by another Party or non-party as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only," counsel must first identify the expert in writing by electronic mail to the Designating Party. This written identification shall include a

current resume or curriculum vitae.

c. Should the Designating Party object to the disclosure of its "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material to that expert or expert consultant, the Parties shall meet and confer on that objection to the designated expert or expert consultant pursuant to Local Rule 37-1 within five (5) business days of the objection having been made. If the meet and confer does not resolve the dispute, the Parties agree to an expedited resolution procedure with the Court. The objecting Designating Party (*i.e.*, the moving party) shall e-mail its portion of the joint stipulation pursuant to Local Rule 37-2 within three (3) court days of the meet and confer. The Party identifying the expert (*i.e.*, the opposing party) shall e-mail its portion of the joint stipulation to the objecting Designating Party within three (3) court days of receiving the moving party's portion of the stipulation. After the moving party adds the opposing party's papers to the stipulation, the stipulation shall be provided to the opposing party's counsel, who shall sign and return it to the moving party's counsel within one (1) court day. The moving party's counsel shall then file the joint stipulation within one (1) court day after receipt of the signed stipulation. No information designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" by the objecting Designating Party may be disclosed to the expert or expert consultant subject to objection unless and until the Court has ruled on the motion.

d. A retained expert or expert consultant's executed Exhibit A need not be filed with the Court.

18. This Protective Order has no effect upon, and shall not apply to, a Party's or non-party's use of its own "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material, or any other materials in its own possession, for any purpose. Without limiting the generality of the foregoing, nothing in this Protective Order shall: (i) prevent a

Designating Party from disclosing its own "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material to its officers, directors, employees, agents, or advisors, including investment bankers and accountants; or (ii) impose any restrictions on the use or disclosure by a Party of Discovery Material designated "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" if such information meets the criteria in the second sentence of Paragraph 3 hereof.

19. Notwithstanding any other provision of this Protective Order, nothing in this Protective Order shall prohibit any counsel from rendering advice to his or her client in connection with this Action, so long as the content of "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material is not revealed or disclosed in the course of such advice other than as permitted by Paragraph 15.

20. Without a court order secured after appropriate notice to all interested persons, or written permission from the Designating Party, a Party may not file in the public record any other Designating Party's "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material. A Party that seeks to file under seal any "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material must comply with Civil Local Rule 79-5. A Receiving Party seeking to file a Designating Party's "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material under seal shall include in its Rule 79-5 application, at a minimum, the designation given to the Discovery Material by the Designating Party, the definition of such designation pursuant to Paragraphs 8 and 9 above, and an explanation that designation pursuant to this Order represents a good faith belief by the Designating Party that the designated Discovery Material is subject to protection under Federal Rule of Civil Procedure 26(c) and that there is a valid basis for such designation after review of that

Discovery Material. In seeking to file such information under seal, the Receiving

Party shall not state or imply that the Court should not grant the request.

21.     The inadvertent production of any Discovery Material shall be

without prejudice to any claim that such Discovery Material is privileged or

protected from discovery as work-product or by reason of any other applicable

privilege or immunity, including without limitation the attorney-client privilege,

and no Party or non-party shall be held to have waived any otherwise applicable

privilege or protection rights by such inadvertent production. If the claim of

inadvertent production is made pursuant to this Paragraph with respect to

information then in the custody of another Party or non-party, such Party or non-

party shall promptly return to the claiming Party or non-party, or confirm the

destruction of, that material as to which the claim of inadvertent production has

been made and all copies thereof, excluding the Receiving Party's attorney work-

product, and the Receiving Party or non-party shall not use such information for

any purpose other than for purposes of describing or presenting the information to

the Court in connection with a motion to compel. After the return or destruction

of the material claimed to have been inadvertently produced, the Party or non-

party returning or destroying such material may then move the Court for an order

compelling production of the material, which the disclosing Party shall agree to

provide the Court for *in camera* review.

22.     Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable substantial unfairness, unnecessary

economic burdens, or a later significant disruption or delay of the litigation, a

Receiving Party does not waive its right to challenge a confidentiality designation

by electing not to mount a challenge promptly after the Designating Party makes

the designation. Nor does a failure to challenge a designation mean that a

Receiving Party agrees that Discovery Material so designated meets the criteria to

be designated "Confidential Information" or "Highly Confidential Information –

SF1:826042.1

Attorneys' Eyes Only," or is otherwise a trade secret or protectable.

a. A Receiving Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by written request for conference to counsel for the Designating Party in compliance with Civil Local Rule 37-1. The Parties shall meet and confer on the challenge within five (5) business days of the request being served on counsel for the Designating Party. In conferring, the challenging Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Receiving Party may proceed to file a motion with the Court only if it first has engaged in this meet and confer process.

b. If the meet and confer does not resolve the dispute, the Receiving Party may file a motion with the Court pursuant to the Local Rules, which motion shall be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding subparagraph.

c. The burden of proof in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the protection to which it is entitled under the Designating Party's designation.

23. Entering into, agreeing to, producing, or receiving "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material pursuant to, and/or otherwise complying with the terms of, this Protective Order, or the taking of any action pursuant to this Protective Order shall not:

a. Constitute or operate as an admission by any Designating or

Receiving Party that any particular document, material, testimony, or thing does or does not contain, reflect, or constitute a trade secret or any other type of information entitled to protection under the law;

b.      Prejudice in any way the rights of any party to object to the production of documents or other information it considers not subject to discovery, or operate as an admission that the restrictions and procedures set forth in this Protective Order constitute adequate protection for any particular information deemed by that party to warrant further protection;

c.      Prejudice in any way the rights of any party to object to the relevancy, authenticity, or admissibility into evidence of any document or other information subject to this Protective Order, or otherwise constitute or operate as an admission by any party that any particular document or other information is or is not relevant, authentic, or admissible into evidence at any deposition, at trial, or in a hearing;

d.      Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Protective Order;

e.      Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any document or other information;

f.      Prejudice in any way the rights of any party to oppose another party's or non-party's motion to seal; and/or

g.      Prevent the interested parties from agreeing, in writing, to alter or waive the provisions or protections of this Protective Order with respect to any particular document or information.

24.    In the event additional persons or entities become parties to this Action, none of such additional parties' counsel, experts, or expert consultants retained to assist said counsel, shall have access to "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material

SF1:826042.1

1  produced by or obtained from any Designating Party until said party has executed

2  and filed with the Court its agreement to be fully bound by this Protective Order.

3  No "Confidential Information" or "Highly Confidential Information – Attorneys'

4  Eyes Only" Discovery Material may be provided to such additional parties' experts

5  or expert consultants unless and until such person has been identified and has

6  cleared the waiting period provided in and otherwise complied with Paragraph

7  17(b) hereof.

8       25.    It is the present intention of the Parties that the provisions of this

9  Protective Order shall govern discovery in this Action, but each of the Parties to

10  this Protective Order shall be entitled to seek modification of this Protective Order,

11  or relief from it, by application to the Court on notice to the other Parties to this

12  Action.

13       26.    The provisions of this Protective Order shall, absent written

14  permission of the Designating Party or further order of the Court, continue to be

15  binding throughout and after the Final Disposition of this Action.  Within thirty

16  (30) days after receiving notice of the entry of an order of dismissal, judgment, or

17  decree finally disposing of this Action, including the exhaustion of all permissible

18  appeals, all persons and entities having received "Confidential Information" or

19  "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material

20  shall either make a good faith effort to return such material and all copies thereof

21  (including summaries and excerpts) to counsel for the Designating Party or destroy

22  all such "Confidential Information" or "Highly Confidential Information –

23  Attorneys' Eyes Only" Discovery Material and copies thereof (including

24  summaries and excerpts) and certify that fact to counsel for the Designating Party.

25  Outside counsel for the Parties shall be entitled to retain all filings, court papers,

26  deposition and trial transcripts, deposition and trial exhibits, and attorney work-

27  product (regardless of whether such materials contain or reference Discovery

28  Materials designated as "Confidential Information" or "Highly Confidential

18

Information – Attorneys' Eyes Only" by any Designating Party), provided that such outside counsel, and employees and agents of such outside counsel, shall not disclose any Confidential Information or Highly Confidential Information contained or referenced in such materials to any person except pursuant to court order or agreement with the Designating Party. All materials, if any, returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph. This Court shall have continuing jurisdiction to enforce the terms of this Protective Order, including without limitation during any appeals in this Action.

27. If any person receiving Discovery Material covered by this Protective Order (the "Receiver") is: (a) subpoenaed in or (b) served with a demand in another action to which he, she or it is a party, or (c) served with any other legal process by one not a party to this Action seeking Discovery Material that was produced or designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" by someone other than the Receiver, the Receiver shall give prompt written notice, by electronic and overnight mail, immediately upon receipt of such subpoena, demand, or legal process, to the Designating Party. The Receiver shall not disclose any of the Designating Party's "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material until the Designating Party gives notice to the Receiver that the Designating Party consents to the disclosure, or that the Designating Party opposes production of its "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material," and has had a reasonable opportunity, of not less than ten (10) court days, to seek appropriate relief from a court. The Designating Party shall be solely responsible for asserting any objection and seeking judicial relief to prevent the disclosure. Nothing in this Paragraph shall be construed as authorizing the Receiver or anyone else covered by this Protective Order to disobey a lawful subpoena in another action, or as

requiring the Receiver or anyone else covered by this Protective Order to challenge or appeal any judicial order requiring production or disclosure of "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material covered by this Protective Order, or to subject such person to any penalties for non-compliance with any legal process or order, or to seek any relief from this or any Court.

28. Any Designating or Receiving Party seeking enforcement of this Protective Order against any other Designating or Receiving Party, or Receiver, may petition the Court by properly-noticed motion, pursuant to this Court's rules, including a concise statement of the specific relief sought.

29. Any person who accepts access to a party's "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material shall be deemed to have submitted himself to the *in personam* jurisdiction of this Court for purposes of enforcing the provisions of this Protective Order and for punishing a violation its terms. Violation by any person of any term of this Protective Order may be punishable as a contempt of court. No provision of this Protective Order shall require any person, corporation, or other entity not a Party to this Action to respond to any discovery request, except as may otherwise be required by law.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:


DATED: July 12, 2011

BINGHAM McCUTCHEN LLP


By: _____ /s/ _____
                    Geoffrey M. Howard
          Attorneys for Plaintiff and Counterdefendant
                  Yardi Systems, Inc.

DATED:  July 13, 2011

O'MELVENY & MYERS LLP

By:              /s/
              Mark A. Samuels
Attorneys for Defendant and Counterclaimant
              RealPage, Inc.

DATED:  July 13, 2011

DYKEMA GOSSETT LLP

By:              /s/
              Allan Gabriel
Attorneys for Defendant
DC Consulting, Inc.

Additional Attorneys (*continued from caption page*):

ALLAN GABRIEL (S.B. #76477)
agabriel@dykema.com
DYKEMA GOSSETT PLLC
333 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:  (213) 457-1800
Facsimile:    (213) 457-1850

Attorneys for Defendant DC CONSULTING INC.

MARK A. SAMUELS (S.B. #107026)
msamuels@omm.com
JAMES M. PEARL (S.B.#198481)
jpearl@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone:  (213) 430-6000
Facsimile:    (213) 430-6407

DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
SHARON M. BUNZEL (S.B. #181609)
sbunzel@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:  (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Defendant and Counterclaimant REALPAGE, INC.

SF1:826042.1

1    Based on the stipulation of the parties and for good cause shown, IT IS SO

2 ORDERED.

3

4 Dated: July 18, 2011

5                                          */s/John E. McDermott*_____

6                                          Hon. John E. McDermott
                                           U.S. Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2
EXHIBIT A

3
DECLARATION OF COMPLIANCE

4
I, _____ [print or type full name], of _____

5
_____

6
[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States

7
District Court for the Central District of California on _____ [date] in the case of *Yardi Systems, Inc. v. RealPage, Inc. et al.* I agree to comply with and to

8
be bound by all the terms of this Protective Order and I understand and

9
acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose

10
in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

11

12
I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms

13
of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

14

15
I hereby appoint _____ [print or type full name] of _

16
_____
[print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to

17
enforcement of this Protective Order.

18

19
Date: _____
City and State where sworn and signed: _____

20
Printed name: _____
              [printed name]

21

22
Signature: _____
              [signature]

23

24

25
LA2:933159.1

26

27

28
SF1:826042.1

23