MARK A. SAMUELS (S.B. #107026)
msamuels@omm.com
JAMES M. PEARL (S.B. #198481)
jpearl@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
SHARON M. BUNZEL (S.B. #181609)
sbunzel@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Defendant and
Counterclaimant REALPAGE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YARDI SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> REALPAGE, INC. and DC CONSULTING, INC., <br><br> Defendants. | Case No. CV11-690 ODW (JEMx) <br><br> **DISCOVERY MATTER** <br><br> **REALPAGE, INC.'S SUPPLEMENTAL BRIEF IN OPPOSITION TO YARDI SYSTEMS, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY ANSWERS** |
| REALPAGE, INC., <br><br> Counterclaimant, <br><br> v. <br><br> YARDI SYSTEMS, INC., <br><br> Counterdefendant. | [SUPPLEMENTAL DECLARATION OF JAMES M. PEARL FILED HEREWITH] <br><br> **Mag. Judge**: Hon. John E. McDermott <br><br> Hearing Date: September 6, 2011 <br> Hearing Time: 10:00 a.m. <br> Courtroom: C, Spring Street <br> Discovery Cutoff: May 7, 2012 <br> Pretrial Conference: July 16, 2012 <br> Trial Date: August 7, 2012 |

**I. INTRODUCTION**

Yardi's motion to compel is moot because RealPage has provided all of the supplemental responses and documents that are the subject of the motion, or will do so by month's end, well before the date noticed for the hearing on this matter. This needless, harassing motion – and the burden it has placed on the Court and on the parties – could have been avoided had Yardi met and conferred in good faith regarding the timing of RealPage's production and supplemental responses, as required by the Local Rules. Yardi's failure to do so is an abuse of the discovery process and is convincing evidence that Yardi prefers litigating discovery disputes to resolving issues amicably through reasoned discussion.

The motion is not only moot, it is an exercise in hypocrisy that should not be countenanced by the Court. Yardi is arguing in other motions pending before this Court that discovery related to RealPage's antitrust and tortious interference counterclaims "is not permitted." (D.I. 90, at 2.) Even in this motion itself, Yardi states that it "does not seek at this time the production of information related solely to the counterclaims Yardi has moved to dismiss." (D.I. 74 ("Joint Stip."), at 1 n.2.) But Yardi nevertheless seeks to compel RealPage to produce just such documents (Requests for Production Nos. 68 and 71) and to supplement interrogatory responses related to those very claims (Interrogatory Nos. 6 and 11). Yardi should not be permitted to take diametrically opposed positions regarding the proper scope of discovery – one to avoid discovery burdens for itself, and another to harass its adversary. Yardi's motion should be denied.

**II. REALPAGE HAS PROVIDED THE SUPPLEMENTAL RESPONSE SOUGHT IN ISSUE 1, AND THE DOCUMENTS SUBJECT TO THE PARTIES' AGREEMENT REFERENCED THEREIN HAVE BEEN PRODUCED.**

In Issue 1, Yardi identified three discovery requests for which it sought to compel responses and compliance: Interrogatory No. 11 and Request for Production Nos. 68 and 71.

     RealPage has already supplemented its response to Interrogatory No. 11, providing all of the information called for by the interrogatory as narrowed by the parties' agreements. (*See* Samuels 8/1/11 Decl. (D.I. 77) Ex. R, at 501 (documenting RealPage's agreement to provide a response identifying documents quoted or otherwise referenced in its counterclaims); Ex. T, at 582-583 (RealPage's Supplemental Response to Interrogatory No. 11 providing the agreed upon information).) RealPage produced two of the documents quoted or referenced in its Counterclaims on June 14 and produced the remainder of those documents on August 22, 2011 following expiration of the third party notice period required by the Protective Order. (Supplemental Declaration of James M. Pearl, filed herewith ("Supp. Pearl Decl."), ¶ 4.)

     Request for Production Nos. 68 and 71[1] seek information related to RealPage's antitrust counterclaims, which Yardi purports not to be pursuing. (*See e.g.*, Joint Stip. at 1 n.2; Samuels 8/1/11 Decl. (D.I. 77) ¶¶ 2-5 & Exs. A-D; Pearl 8/1/11 Decl. (D.I. 76) ¶ 2 & Ex. A.) While Yardi's motion to compel compliance with these requests should be denied on this basis alone, even the agreement that Yardi suggests emanates from these requests does not justify any relief from this Court: that agreement has been fully satisfied by RealPage's recent document productions.

     Though not the subject of any Yardi document request to which Yardi has ever pointed, RealPage agreed on an informal basis to produce a subset of documents its counsel reviewed in the course of investigating RealPage's trade secret misappropriation counterclaims, provided that Yardi would not argue that

---

[1] In its Statement of Issue in Dispute 1, Yardi pointed to Request for Production Nos. 68 and 71 as "representative" of those it sought to compel through this motion. Yet Yardi only devoted one other general sentence to those requests in the Joint Stipulation. Yardi did not identify any other requests for production that it sought to compel by this motion, and it cannot do so now. The Local Rules prohibit raising additional issues in dispute in a supplemental memorandum. *See* L.R. 37-2.1 (requiring the initial joint stipulation "contain all issues in dispute and, with respect to each such issue, the contentions and points and authorities of each party").

doing so constituted a waiver of any privilege.[2] (Pearl 8/1/11 Decl. (D.I. 76) ¶¶ 4-5 & Ex. C; Samuels 8/1/11 Decl. (D.I. 77) Ex. R, at 499, 501.) RealPage produced the first portion of those documents on August 5 and the remainder on August 22, following expiration of the notice period to third parties whose confidentiality rights were implicated by these documents, as the Protective Order requires. (Supp. Pearl Decl. ¶ 5.) Thus, this portion of Yardi's motion has also been mooted by RealPage's production of the information it informally agreed to produce.

### III. REALPAGE HAS PROVIDED THE SUPPLEMENTAL RESPONSES CALLED FOR IN ISSUE 2 OR WILL DO SO BY THE HEARING ON THIS MOTION.

In Issue 2, Yardi seeks to compel RealPage's supplemental responses to Interrogatory Nos. 2, 3, 4, 6, 7 and 9. Given the nature, breadth and timing of these interrogatories, RealPage's initial responses invoking Rule 33(d) were proper. More importantly, RealPage has already supplemented its responses to these interrogatories in accordance with the parties' meet and confer agreements, and by the time of the hearing on this motion will have done so for all of the interrogatories at issue.

Yardi's interrogatories seek a detailed catalog of Yardi information referenced by EverGreen personnel in connection with Evergreen's (and later, RealPage's) support of Yardi customers since 2006. Contrary to Yardi's assertions, none of these interrogatories seek mere "contentions," but instead require identification of transaction-level detail spanning several years. The information sought by these interrogatories requires a complex and comprehensive compilation

---

[2] Despite Yardi's contention to the contrary, RealPage never agreed to produce documents that RealPage has "collected in the course of investigating Yardi's Complaint and RealPage's Answer, Counterclaims, and Amended Counterclaims." (Joint Stip. at 9:23-26.) None of Yardi's requests for production even seek such documents, and Yardi has never claimed otherwise. (*See* Joint Stip. at VI.A.) Moreover, RealPage has consistently maintained that the attorney-client privilege and work product doctrine prohibit the identification or production of such materials. (Samuels 8/1/11 Decl. (D.I. 77) Ex. R, at 501.) Yardi has never provided authority to the contrary. (*See, e.g.*, Joint Stip. Exs. 3, 5, 7, 10.)

of data extracted from individual computer internet histories, as well as corporate files and other individual custodian documents. (*See* Joint Stip. at 40-44; Samuels 8/1/11 Decl. (D.I. 77) ¶¶ 22-23.) Because responses to these interrogatories could only be determined by reviewing a compilation of RealPage's business records, RealPage properly invoked Rule 33(d) in its initial responses and stated that it would further identify or make documents available to Yardi once the parties had agreed to a production protocol establishing the scope of document review and production. RealPage could not provide additional detail in its initial responses because it had not yet identified the documents it would need to answer Yardi's interrogatories.

During the parties' meet and confer efforts, an agreement was reached whereby RealPage agreed to supplement its responses to these interrogatories with respect to events following RealPage's acquisition of EverGreen in September 2009. (Samuels 8/1/11 Decl. (D.I. 77) ¶ 18.) RealPage has now done so. RealPage provided a detailed, supplemental narrative response to Interrogatory No. 2 on August 1, 2011 following weeks of attorney effort (Samuels 8/1/11 Decl. (D.I. 77), ¶ 17 & Ex. T at 536-567), provided a supplemental narrative response to Interrogatory No. 7 on August 23, and identified documents by Bates number responsive to Interrogatory No. 9 on August 23 (Supp. Pearl Decl. ¶ 2 & Ex. A, at 44-54, 55-58). To provide the agreed supplemental response to Interrogatory No. 7, attorneys and RealPage technical personnel were required to investigate the circumstances of the original installations, setups and configurations of RealPage Cloud customers' Yardi Voyager environments and identified, reviewed and analyzed technical records to identify server locations and access permissions. (*Id.* ¶ 2.)

RealPage expects to be able to provide supplemental narrative responses to Interrogatory Nos. 3, 4 and 6 by month's end, well before the time scheduled for the hearing on this motion. (*Id.* ¶ 3.) The process of developing the information

required to provide the agreed supplemental responses to these interrogatories has involved identification, review and analysis of hundreds of letter agreements, contracts and statements of work executed over the course of several years, both before and after RealPage's acquisition of Evergreen, in an effort to identify the terms and conditions applicable to the work RealPage or EverGreen performed on behalf of those customers. (*Id.*) This analysis has required several attorneys to review and analyze potentially relevant contracts over the course of the last several weeks. (*Id.*)

Yardi's motion has been wholly mooted by RealPage's diligent efforts to provide the information it agreed to provide. Yardi's motion was unnecessary from the outset in light of RealPage's agreements to produce responsive information and documents. Yardi's rush to litigate in the face of those agreements has served no purpose but harassment, and has distracted RealPage from its efforts to provide the discovery Yardi claims to seek. Yardi's motion should be denied.

DATED: August 23, 2011

Respectfully Submitted,

O'MELVENY & MYERS LLP


By: /s/ Mark A. Samuels
Mark A. Samuels
Attorneys for Defendant and
Counterclaimant REALPAGE, INC.

SF1:828854.10