1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DYKEMA GOSSETT LLP
Allan Gabriel, SBN 76477
*agabriel@dykema.com*
S. Christopher Winter, SBN: 190474
*kwinter@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
DC CONSULTING, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Yardi Systems, Inc., a California Corporation

        Plaintiff,

    vs.

RealPage, Inc., a Delaware corporation, and DC Consulting, Inc., a Washington, D.C. corporation,

        Defendants.

RealPage, Inc.,

        Counterclaimant,

v.

Yardi Systems, Inc.,

        Counterdefendant.

Case No. CV 11: 00690-ODW(JEMx)

**DEFENDANT DC CONSULTING, INC.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

Complaint Filed: January 24, 2011

    Defendant DC Consulting, Inc., formerly known as EverGreen Solutions, Inc. ("DC"), for itself alone and no other defendant, hereby answers the First Amended Complaint ("FAC") as follows:

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

# **INTRODUCTION**

1.     In answer to Paragraph 1 of the FAC, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

2.     In answer to Paragraph 2 of the FAC, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

3.     In answer to Paragraph 3 of the FAC, DC admits that defendant RealPage competes with Yardi for clients of property management software and related services, admits that DC, when known as EverGreen Solutions, Inc. prior to September 9, 2009, was known for providing technology and software support services for, among others, users of Yardi software, admits that DC, when known as EverGreen Solutions, Inc., at one point in time prior to September 3, 2009, employed one former Yardi employee, and lacks knowledge or information sufficient to form a belief about the truth of the other allegations contained therein and on that basis denies those allegations.

4.     In answer to Paragraph 4 of the FAC, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

5.     In answer to Paragraph 5 of the FAC, DC denies that it ignored any alleged Yardi warnings and lacks knowledge or information sufficient to form a belief about the truth of the other allegations contained therein and on that basis denies those allegations.

6.     In answer to Paragraph 6 of the FAC, DC denies that it engaged in any business or other activities after September 9, 2009 and therefore denies that it has undertaken any activities alleged in Paragraph 6, and lacks knowledge or information sufficient to form a belief about the truth of the other allegations contained therein and on that basis denies those allegations.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

7.    In answer to Paragraph 7 of the FAC, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

8.  In answer to Paragraph 8 of the FAC, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

## THE PARTIES

9.    In answer to Paragraph 9 of the FAC, DC admits that Yardi is a private California corporation with its principal place of business in Goleta, California and lacks knowledge or information sufficient to form a belief as the truth of the other allegations contained therein and on that basis denies those allegations.

10.    In answer to Paragraph 10 of the FAC, DC admits that RealPage is a publicly traded Delaware corporation with its principal place of business in Carrollton, Texas and that RealPage provides software programs for managing real estate investment properties and lacks knowledge or information sufficient to form a belief about the truth of the other allegations contained therein and on that basis denies those allegations.

11.    In answer to Paragraph 11 of the FAC, DC denies that it is a subsidiary or division of RealPage, admits that RealPage acquired assets of DC, when known as EverGreen Solutions, Inc., in September, 2009, denies that it is part of RealPage, denies that as part of RealPage it provides technological and consulting and support services for RealPage's clients that also use Yardi software, admits that it provided consulting services to Yardi's clients prior to September 9, 2009 and lacks knowledge or information sufficient to form a belief about the truth of the other allegations contained therein and on that basis denies those allegations.

12.    In answer to Paragraph 12 of the FAC, DC denies the allegations of Paragraph 12 and further denies that it engaged in any business or other activities after September 9, 2009.

1   13.   In answer to Paragraph 13 of the FAC, DC denies the allegations set

2   forth in Paragraph 13.

3   ## JURISDICTION AND VENUE

4   14.   In answer to Paragraph 14 of the FAC, DC lacks knowledge or

5   information sufficient to form a belief about the truth of the allegations contained

6   therein and on that basis denies those allegations.

7   15.   In answer to Paragraph 15 of the FAC, DC lacks knowledge or

8   information sufficient to form a belief about the truth of the allegations contained

9   therein and on that basis denies those allegations.

10   16.   In answer to Paragraph 16 of the FAC, DC lacks knowledge or

11   information sufficient to form a belief about the truth of the allegations contained

12   therein and on that basis denies those allegations.

13   17.   In answer to Paragraph 17 of the FAC, DC denies the allegations set

14   forth in Paragraph 17 and denies that it engaged in any business or other activities

15   after September 9, 2009.

16   ## FACTUAL ALLEGATIONS

17   18.   In answer to Paragraph 18 of the FAC, DC lacks knowledge or

18   information sufficient to form a belief about the truth of the allegations contained

19   therein and on that basis denies those allegations.

20   19.   In answer to Paragraph 19 of the FAC, DC lacks knowledge or

21   information sufficient to form a belief about the truth of the allegations contained

22   therein and on that basis denies those allegations.

23   20.   In answer to Paragraph 20 of the FAC, DC lacks knowledge or

24   information sufficient to form a belief about the truth of the allegations contained

25   therein and on that basis denies those allegations.

26   21.   In answer to Paragraph 21 of the FAC, DC lacks knowledge or

27   information sufficient to form a belief about the truth of the allegations contained

28   therein and on that basis denies those allegations.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DEFENDANT DC CONSULTING, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

22.     In answer to Paragraph 22 of the FAC, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

23.     In answer to Paragraph 23 of the FAC, DC admits that Yardi clients have worked with independent consultants and lacks knowledge or information sufficient to form a belief about the truth of the other allegations contained therein and on that basis denies those allegations.

24.     In answer to Paragraph 24 of the FAC, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

25.     In answer to Paragraph 25 of the FAC, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

26.     In answer to Paragraph 26 of the FAC, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

27.     In answer to Paragraph 27 of the FAC, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

28.     In answer to Paragraph 28 of the FAC, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

29.     In answer to Paragraph 29 of the FAC, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

30.     In answer to Paragraph 30 of the FAC, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1   31.     In answer to Paragraph 31 of the FAC, DC lacks knowledge or

2   information sufficient to form a belief about the truth of the allegations contained

3   therein and on that basis denies those allegations.

4   **Defendants' Unauthorized Access To, and Downloading From, Client Central**

5   32.     In answer to Paragraph 32 of the FAC, DC admits that RealPage

6   acquired DC's, when known as EverGreen Solutions, Inc., assets in September, 2009,

7   denies that DC was the largest consultant for Yardi products at that time and lacks

8   knowledge or information sufficient to form a belief about the truth of the other

9   allegations contained therein and on that basis denies those allegations.

10   33.     In answer to Paragraph 33 of the FAC, DC lacks knowledge or

11   information sufficient to form a belief about the truth of the allegations contained

12   therein and on that basis denies those allegations.

13   34.     In answer to Paragraph 34 of the FAC, DC denies that it engaged in any

14   business or other activities after September 9, 2009 and lacks knowledge or

15   information sufficient to form a belief about the truth of the other allegations

16   contained therein.  To the extent that the allegations in Paragraph 35 are directed to or

17   involve RealPage, DC lacks knowledge or information sufficient to form a belief as

18   to the truth of those allegations, and therefore denies same on that ground.

19   35.     In answer to Paragraph 35 of the FAC, DC denies the allegations set

20   forth in Paragraph 35 and denies that it engaged in any business or other activities

21   after September 9, 2009.  To the extent that the allegations in Paragraph 35 are

22   directed to or involve RealPage, DC lacks knowledge or information sufficient to

23   form a belief as to the truth of those allegations, and therefore denies same on that

24   ground.

25   36.     In answer to Paragraph 36 of the FAC, DC lacks knowledge or

26   information sufficient to form a belief about the truth of the allegations contained

27   therein and on that basis denies those allegations.  To the extent that the allegations in

28   Paragraph 35 are directed to or involve RealPage, DC lacks knowledge or

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1  information sufficient to form a belief as to the truth of those allegations, and

2  therefore denies same on that ground.

3        37.    In answer to Paragraph 37 of the FAC, DC denies that it engaged in any

4  business or other activities after September 9, 2009 and lacks knowledge or

5  information sufficient to form a belief about the truth of the other allegations

6  contained therein.  To the extent that the allegations in Paragraph 35 are directed to or

7  involve RealPage, DC lacks knowledge or information sufficient to form a belief as

8  to the truth of those allegations, and therefore denies same on that ground.

9        38.    In answer to Paragraph 38 of the FAC, DC lacks knowledge or

10  information sufficient to form a belief about the truth of the allegations contained

11  therein and on that basis denies those allegations.

12        39.    In answer to Paragraph 39 of the FAC, DC lacks knowledge or

13  information sufficient to form a belief about the truth of the allegations contained

14  therein and on that basis denies those allegations.

15        40.    In answer to Paragraph 40 of the FAC, DC lacks knowledge or

16  information sufficient to form a belief about the truth of the allegations contained

17  therein and on that basis denies those allegations.

18        41.    In answer to Paragraph 41 of the FAC, DC denies that it engaged in any

19  business or other activities after September 9, 2009 and denies knowledge or

20  information sufficient to form a belief about the truth of the other allegations

21  contained therein and on that basis denies those allegations.

22        42.    In answer to Paragraph 42 of the FAC, DC lacks knowledge or

23  information sufficient to form a belief about the truth of the allegations contained

24  therein and on that basis denies those allegations.

25        43.    In answer to Paragraph 43 of the FAC, DC denies that it engaged in any

26  business or other activities after September 9, 2009 and lacks knowledge or

27  information sufficient to form a belief about the truth of the other allegations

28  contained therein and on that basis denies those allegations.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1  44.     In answer to Paragraph 44 of the FAC, DC lacks knowledge or

2  information sufficient to form a belief about the truth of the allegations contained

3  therein and on that basis denies those allegations.

4  45.     In answer to Paragraph 45 of the FAC, DC denies that it engaged in any

5  business or other activities after September 9, 2009 and lacks knowledge or

6  information sufficient to form a belief about the truth of the other allegations

7  contained therein and on that basis denies those allegations.

8  46.     In answer to Paragraph 46 of the FAC, DC denies that it engaged in any

9  business or other activities after September 9, 2009 and lacks knowledge or

10  information sufficient to form a belief about the truth of the other allegations

11  contained therein and on that basis denies those allegations.

12  **Defendants' Competitive Use of the Illegal Access and Copies**

13  47.     In answer to Paragraph 47 of the FAC, DC denies that it engaged in any

14  business or other activities after September 9, 2009 and lacks knowledge or

15  information sufficient to form a belief about the truth of the other allegations

16  contained therein and on that basis denies those allegations.

17  48.     In answer to Paragraph 48 of the FAC, DC lacks knowledge or

18  information sufficient to form a belief about the truth of the allegations contained

19  therein and on that basis denies those allegations.

20  49.     In answer to Paragraph 49 of the FAC, DC lacks knowledge or

21  information sufficient to form a belief about the truth of the allegations contained

22  therein and on that basis denies those allegations.

23  50.     In answer to Paragraph 50 of the FAC, DC denies that it engaged in any

24  business or other activities after September 9, 2009 and lacks knowledge or

25  information sufficient to form a belief about the truth of the other allegations

26  contained therein and on that basis denies those allegations.

27

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

# FIRST CLAIM FOR RELIEF

## Violation of Federal Computer Fraud and Abuse Act

## (18 U.S.C. §§ 1030(a)(2)(C), (a)(4) & (a)(5))

(Against All Defendants)

51.   In answer to Paragraph 51 of the FAC, DC incorporates by reference Paragraphs 1-50 above.

52.   In answer to Paragraph 52 of the FAC, DC denies the allegations contained therein.

53.   In answer to Paragraph 53 of the FAC, DC denies the allegations contained therein.

54.   In answer to Paragraph 54 of the FAC, DC denies the allegations contained therein.

55.   In answer to Paragraph 55 of the FAC, DC denies the allegations contained therein.

56.   In answer to Paragraph 56 of the FAC, DC denies the allegations contained therein.

57.   In answer to Paragraph 57 of the FAC, DC denies the allegations contained therein.

58.   In answer to Paragraph 58 of the FAC, DC denies the allegations contained therein.

59.   In answer to Paragraph 59 of the FAC, DC denies the allegations contained therein.

## SECOND CLAIM FOR RELIEF

## Violation of Comprehensive Computer Data Access and Fraud Act

## (Cal. Penal Code § 502)

(Against All Defendants)

60.   In answer to Paragraph 60 of the FAC, DC incorporates by reference Paragraphs 1-59 above.

9

61.     In answer to Paragraph 61 of the FAC, DC denies the allegations contained therein.

62.     In answer to Paragraph 62 of the FAC, DC denies the allegations contained therein.

63.     In answer to Paragraph 63 of the FAC, DC denies the allegations contained therein.

64.     In answer to Paragraph 64 of the FAC, DC denies the allegations contained therein.

65.     In answer to Paragraph 65 of the FAC, DC denies the allegations contained therein.

65.     In answer to Paragraph 66 of the FAC, DC denies the allegations contained therein.

67.     In answer to Paragraph 67 of the FAC, DC denies the allegations contained therein.

68.     In answer to Paragraph 68 of the FAC, DC denies the allegations contained therein.

## THIRD CLAIM FOR RELIEF

### Violations of the Digital Millennium Copyright Act

### (17 U.S.C. § 1201 *et seq.*)

(Against All Defendants)

69.     In answer to Paragraph 69 of the FAC, DC incorporates by reference Paragraphs 1-68 above.

70.     In answer to Paragraph 70 of the FAC, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

71.     In answer to Paragraph 71 of the FAC, DC denies that it engaged in any business or other activities after September 9, 2009 and lacks knowledge or

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1   information sufficient to form a belief about the truth of the other allegations

2   contained therein and on that basis denies those allegations.

3        72.     In answer to Paragraph 72 of the FAC, DC denies the allegations

4   contained therein.

5        73.     In answer to Paragraph 73 of the FAC, DC denies the allegations

6   contained therein.

7   ### FOURTH CLAIM FOR RELIEF

8   ### Copyright Infringement

9   ### (17 U.S.C. § 101 et seq.)

10  (Against All Defendants)

11       74.     In answer to Paragraph 74 of the FAC, DC incorporates by reference

12  Paragraphs 1-73 above.

13       75.     In answer to Paragraph 75 of the FAC, DC denies the allegations

14  contained therein.

15       76.     In answer to Paragraph 76 of the FAC, DC denies the allegations

16  contained therein.

17       77.     In answer to Paragraph 77 of the FAC, DC denies the allegations

18  contained therein.

19       78.     In answer to Paragraph 78 of the FAC, DC denies the allegations

20  contained therein.

21       79.     In answer to Paragraph 79 of the FAC, DC denies the allegations

22  contained therein.

23       80.     In answer to Paragraph 80 of the FAC, DC denies the allegations

24  contained therein.

25       81.     In answer to Paragraph 81 of the FAC, DC denies the allegations

26  contained therein.

27

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

# FIFTH CLAIM FOR RELIEF

## Trade Secret Misappropriation

## (Cal.Civ.Code §§ 3426-3426.11)

(Against All Defendants)

82.     In answer to Paragraph 82 of the FAC, DC incorporates by reference Paragraphs 1-81 above.

83.     In answer to Paragraph 83 of the FAC, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

84.     In answer to Paragraph 84 of the FAC, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

85.     In answer to Paragraph 85 of the FAC, DC denies that it engaged in any business or other activities after September 9, 2009 and lacks knowledge or information sufficient to form a belief about the truth of the other allegations contained therein and on that basis denies those allegations.

86.     In answer to Paragraph 86 of the FAC, DC denies that it engaged in any business or other activities after September 9, 2009 and lacks knowledge or information sufficient to form a belief about the truth of the other allegations contained therein and on that basis denies those allegations.

87.     In answer to Paragraph 87 of the FAC, DC denies the allegations contained therein.

88.     In answer to Paragraph 88 of the FAC, DC denies the allegations contained therein.

89.     In answer to Paragraph 89 of the FAC, DC denies the allegations contained therein.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

# SIXTH CLAIM FOR RELIEF

## Inducing Breach of Contract

### (Against Real Page)

90.    In answer to Paragraph 90 of the FAC, DC incorporates by reference Paragraphs 1-89 above.

91.    The allegations of paragraph 91 are directed solely to Defendant Real Page and not to this answering defendant; however, to the extent a response may be required, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

92.    The allegations of paragraph 92 are directed solely to Defendant Real Page and not to this answering defendant; however, to the extent a response may be required, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

93.    The allegations of paragraph 93 are directed solely to Defendant Real Page and not to this answering defendant; however, to the extent a response may be required, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

94.    The allegations of paragraph 94 are directed solely to Defendant Real Page and not to this answering defendant; however, to the extent a response may be required, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

95.    The allegations of paragraph 95 are directed solely to Defendant Real Page and not to this answering defendant; however, to the extent a response may be required, DC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that basis denies those allegations.

96.    The allegations of paragraph 96 are directed solely to Defendant Real Page and not to this answering defendant; however, to the extent a response may be

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1    required, DC lacks knowledge or information sufficient to form a belief about the

2    truth of the allegations contained therein and on that basis denies those allegations.

3        97.    The allegations of paragraph 97 are directed solely to Defendant Real

4    Page and not to this answering defendant; however, to the extent a response may be

5    required, DC lacks knowledge or information sufficient to form a belief about the

6    truth of the allegations contained therein and on that basis denies those allegations.

7        98.    The allegations of paragraph 98 are directed solely to Defendant Real

8    Page and not to this answering defendant; however, to the extent a response may be

9    required, DC lacks knowledge or information sufficient to form a belief about the

10    truth of the allegations contained therein and on that basis denies those allegations.

**SEVENTH CLAIM FOR RELIEF**

**Unfair Competition**

**(Cal. Bus. & Prof. Code § 17200 et seq.)**

(Against All Defendants)

15        99.    In answer to Paragraph 99 of the FAC, DC incorporates by reference

16    Paragraphs 1-73 and Paragraphs 82-98 above.

17        100.    In answer to Paragraph 100 of the FAC, DC denies the allegations

18    contained therein.

19        101.    In answer to Paragraph 101 of the FAC, DC denies the allegations

20    contained therein.

21        102.    In answer to Paragraph 102 of the FAC, DC denies the allegations

22    contained therein.

23        103.    In answer to Paragraph 103 of the FAC, DC denies the allegations

24    contained therein.

25        104.    In answer to Paragraph 104 of the FAC, DC denies the allegations

26    contained therein.

27        105.    In answer to Paragraph 105 of the FAC, DC denies the allegations

28    contained therein.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

106.    In answer to Paragraph 106 of the FAC, DC denies the allegations contained therein.

107.    In answer to Paragraph 107 of the FAC, DC denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim for Relief)

1.    For its first affirmative defense, DC alleges that the FAC and each Claim for Relief asserted against DC fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(No Injury or Damage)

2.    Yardi's claims are barred, in whole or in part, because Yardi has not been injured or damaged as a proximate result of any act or omission for which DC is responsible.

### THIRD AFFIRMATIVE DEFENSE

(Damages Speculative)

3.    Yardi's claims are barred, in whole or in part, because any alleged damages are speculative, uncertain, and not foreseeable to DC.

### FOURTH AFFIRMATIVE DEFENSE

(Mitigation of Damages)

4.    Yardi's claims are barred, in whole or in part, by Yardi's failure to mitigate its damages, if any damages exist.

### FIFTH AFFIRMATIVE DEFENSE

(No Detriment)

5.    Yardi's claims are barred, in whole or in part, because Yardi has suffered no detriment from the alleged acts and omissions about which Yardi now complains.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DEFENDANT DC CONSULTING, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6.     Yardi's claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

7.     Yardi's claims are barred, in whole or in part, due to Yardi's express or implicit assumption of risk.

## EIGHTH AFFIRMATIVE DEFENSE

### (License)

8.     Yardi's claims are barred, in whole or in part, because DC's acts, including access and use, were authorized and/or licensed.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

9.     Yardi's claims are barred, in whole or in part, by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith)

10.     At all times material hereto, all of DC's actions were undertaken in good faith and without fraud, oppression or malice against Yardi or its rights, thereby precluding any and all claims for punitive or exemplary damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

11.     If and to the extent Yardi has suffered any compensable injury or damage as a proximate result of DC's conduct, all of which is specifically denied, all such injury and damage was the proximate result, in whole or in part, of Yardi's own negligence, fault and want of due care.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

12.    Yardi's claims are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Fair Use)

13.    Yardi's copyright claims are barred, in whole or in part, by the doctrine of fair use.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Merger)

14.    Yardi's copyright claims are barred, in whole or in part, by the doctrine of merger.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Copyright Misuse)

15.    Yardi's copyright claims are barred, in whole or in part, by the doctrine of copyright misuse, as Yardi's copyright claims seek to secure exclusive rights beyond the scope of Yardi's copyrights.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statutory Copyright Damages Precluded)

16.    Yardi's claims for statutory copyright damages are barred, in whole or in part, by 17 U.S.C. § 504 and cases interpreting the same because Yardi did not register the asserted copyrights prior to commencement of the alleged infringement and, to the extent any infringements transpired after the registration of any asserted copyright, Yardi may not recover statutory damages for those infringements pursuant to *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 700–01 (9th Cir. 2008).

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Statutory Copyright Damages Limited By Work)

17.　Yardi's claims for statutory copyright damages are barred, in whole or in part, by 17 U.S.C. § 504 and cases interpreting the same because Yardi may recover statutory damages only once for any of the 36 asserted copyrighted works as to which Yardi proves infringement, regardless of the number of times any such work is proved to have been infringed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Statutory Copyright Damages Limited By Lack Of Willfulness)

18.　Yardi's claims for statutory copyright damages are barred, in whole or in part, by 17 U.S.C. § 504 and cases interpreting the same because (a) Yardi cannot prove that DC's alleged infringement was willful or (b) to the extent Yardi provides sufficient proof of willfulness, Yardi's claims are still barred, in whole or in part, because DC acted with a reasonable and good faith belief that its actions were authorized and, accordingly, any statutory damages are limited to a maximum of $30,000 for any of the 36 works as to which infringement is proved.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Preemption)

19.　Yardi's state law claims are barred in whole or in part by the doctrine of preemption.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

20.　Yardi is not entitled to injunctive relief because any alleged injury to Yardi is not immediate or irreparable, and Yardi has an adequate remedy at law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Ascertainability of Alleged Trade Secrets)

21.　Each and all of plaintiff's alleged trade secrets are readily ascertainable by proper means and hence not protectable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Reservation of Rights)

22.     For its second affirmative defense, DC reserves the right to assert additional affirmative defenses.

WHEREFORE, DC prays as follows:

1)     That Plaintiff take nothing by its First Amended Complaint against DC;

2)     That DC be awarded its reasonable attorneys' fees;

3)     That DC be awarded its costs of suit;

4)     That DC be awarded such other and further relief as the Court deems just and proper.

Dated: September 12, 2011                    DYKEMA GOSSETT LLP


By:   /s/ Allan Gabriel
      Allan Gabriel
      S. Christopher Winter
      Attorneys for Defendant
      DC CONSULTING, INC.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DEFENDANT DC CONSULTING, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

1

## DEMAND FOR JURY TRIAL

2       In accordance with Fed. R. Civ. P. 38(b), Defendant DC Consulting, Inc.

3 demands a trial by jury on all issues triable by a jury.

4

5 Dated: September 12, 2011        DYKEMA GOSSETT LLP

6

7                     By:   /s/ Allan Gabriel
                           Allan Gabriel

8                            S. Christopher Winter
                           Attorneys for Defendant

9                            DC CONSULTING, INC.

10

11              PAS01\221991.1

12              ID\TAHU - 065767/0001

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DEFENDANT DC CONSULTING, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

*Yardi Systems, Inc. vs. RealPage, Inc. and DC Consulting, Inc.*
USDC Central District of California, Western Division
Case No.2:11-cv-00690ODW

I am over the age of 18 and not a party to the within action.  I am employed in the County of Los Angeles, State of California by Dykema Gossett LLP.  My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California 90071.

On September 12, 2011, I served the foregoing document described as DEFENDANT DC CONSULTING, INC.'S **ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** on all interested parties in this action by:

☒    **BY ELECTRONIC SERVICE**: By E-filing and transmission of the above-listed document on all parties via the CM/ECF system with the U.S. District Court, Central District of California, Southern Division.

☒    (Federal) I declare that I employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 12, 2011, at Los Angeles, California.

Susan Sarff

PAS01\222129.1
ID\SRSA1 - 065767/0001

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1