O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Yardi Systems, Inc.,<br><br>    Plaintiff and<br>    Counter-Defendant.<br><br>v.<br><br>RealPage, Inc., *et al.*<br><br>    Defendants and<br>    Counter-Claimant. | Case No. CV 11-00690 ODW (JEMx)<br><br>ORDER **DENYING** Motion to Appoint Special Discovery Master [103] [Filed 08/29/11] |

## I. INTRODUCTION

Pending before the Court is Defendant and Counter-Claimant, RealPage, Inc.'s ("RealPage"), Motion to Appoint a Discovery Master. (Dkt. No. 103.) Plaintiff and Counter-Defendant, Yardi Systems, Inc. ("Yardi"), filed an Opposition to the instant Motion, to which RealPage filed a Reply. (Dkt. Nos. 120, 132.) Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, RealPage's Motion is **DENIED**.

Pursuant to Federal Rule of Civil Procedure 53, "a court may appoint a master only to: (A) perform duties consented to by the parties; (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is

warranted by: (i) some exceptional condition; or (ii) the need to perform an accounting or resolve a difficult computation of damages; or (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1). "In appointing a master, the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3).

Here, RealPage fails to make a showing that requires the appointment of a special master. Specifically, RealPage has not demonstrated (1) that the parties have consented to such an appointment, (2) that there is some exceptional condition, need for an accounting, or a difficult computation of damages, or (3) that there are pretrial or posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge in the district. *See* Fed. R. Civ. P. 53(a). While RealPage asserts that "discovery has been unnecessarily acrimonious . . . [and] the Court's docket has been bombarded with no less than *six* discovery motions," (Mot. at 4), the docket reflects that the discovery issues have been resolved by Magistrate Judge McDermott in an "effective[] and timely" manner. *See* Fed. R. Civ. P. 53(a)(1). Thus, the additional expense incurred by the parties would be unreasonable and the Court finds appointment of a special discovery master unnecessary and unwarranted at this stage.

Accordingly, RealPage's Motion to Appoint a Special Discovery Master is **DENIED**.

**IT IS SO ORDERED**.

October 27, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE