MARK A. SAMUELS (S.B. #107026)
msamuels@omm.com
JAMES M. PEARL (S.B.#198481)
jpearl@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone:   (213) 430-6000
Facsimile:    (213) 430-6407

DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
SHARON M. BUNZEL (S.B. #181609)
sbunzel@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:   (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Defendant and
Counterclaimant REALPAGE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YARDI SYSTEMS, INC., a California corporation,<br><br>           Plaintiff,<br>     v.<br><br>REALPAGE, INC., a Delaware corporation, and DC CONSULTING, INC., a Washington, D.C. corporation,<br><br>           Defendants.<br>_____<br>REALPAGE, INC., a Delaware corporation,<br><br>           Counterclaimant,<br>     v.<br><br>YARDI SYSTEMS, INC., a California corporation,<br><br>           Counterdefendant. | Case No. CV11-690 ODW (JEMx)<br><br>**SUPPLEMENTAL BRIEF IN OPPOSITION TO COUNTERDEFENDANT YARDI SYSTEMS, INC.'S MOTION TO DISMISS REALPAGE'S SECOND AMENDED COUNTERCLAIMS**<br><br>Hearing Date:  November 14, 2011 [VACATED]<br>Time: 1:30 p.m.<br>Place: Courtroom 11, Spring Street<br>Judge: Hon. Otis D. Wright II |

RealPage, Inc. ("RealPage") submits this supplemental brief to address the impact of *United States v. H&R Block, Inc.*, No. 11-00948 (BAH), 2011 WL 5438955, at *14–17 (D.D.C. Nov. 10, 2011), on counterdefendant Yardi Systems, Inc's ("Yardi") Motion to Dismiss RealPage's Second Amended Counterclaims, D.I. 141-1 ("the Motion").

The *H&R Block* opinion is relevant to a central issue in the Motion: whether self-hosters—*i.e.*, companies that host and support their own property management and other applications—are properly excluded from the Vertical Cloud Market. The Motion contends that "RealPage cannot justify excluding customer self-hosting, also known as on-premise hosting, from the Vertical Cloud Market." (D.I. 141-1, at 10.) RealPage's opposition brief explains that Yardi's argument is an improper attempt to resolve a complex factual dispute at the motion to dismiss stage and, in any event, is without merit. (D.I. 146, at 7–10.)

The *H&R Block* opinion further illustrates why Yardi's improper factual argument, even if accepted, fails. In analyzing a challenge to a proposed merger between two providers of tax preparation software, the *H&R Block* court considered whether the so-called "pen-and-paper" method of tax preparation, in which "the consumer essentially relies on his or her own labor to prepare a tax return," was in the same relevant market as the tax preparation software products at issue.[1] *H&R Block*, 2011 WL 5438955, at *16. The court held that it was not, observing that "pen-and-paper is not a 'product' at all; it is the task of filling out a tax return by oneself without any interactive assistance." *Id.* at *14. The court observed that "courts in antitrust cases frequently exclude similar 'self-supply' substitutes from relevant product markets." *Id.* at *15 (citing cases).

---

[1] The relevant market analysis in the merger context is the same as under Sections 1 and 2 of the Sherman Act. *Twin City Sportservice, Inc. v. Charles O. Finley & Co., Inc.*, 512 F.2d 1264, 1270–71 (9th Cir. 1975).

The court then observed that, even if the pen-and-paper method was considered a "product" within the meaning of antitrust law, it was not a reasonable substitute for tax preparation software because the court "[did] not believe a sufficient number of consumers would switch to pen-and-paper in response to a small, but significant increase in [software] prices." *Id.* at *14. The court acknowledged that "preparing one's own tax return necessarily constrains the prices of other methods of preparation at some level." *Id.* However, "at the more practical price increase levels that trigger antitrust concern—the typical five to ten percent price increase of the SSNIP test—pen-and-paper preparation is unlikely to provide a meaningful restraint for [software] products . . . ." *Id.*

As applied here, the *H&R Block* court's reasoning demonstrates that self-hosting is not a "product" within the meaning of antitrust law. Self-hosters simply do not compete with Vertical Cloud Service providers, just as parents that home-school their children do not compete with private schools; car owners that service their own cars do not compete with professional mechanics; *pro se* litigants do not compete with law firms; and "sitting at home and drinking chicken soup" does not compete with "manufactured cold remedies." *H&R Block*, 2011 WL 5438955, at *15.

Moreover, *H&R Block* completely undermines the entire premise of Yardi's argument in the Motion. Yardi contends that self-hosting belongs in the Vertical Cloud Market because a small number of customers might choose self-hosting instead of Vertical Cloud Services. (D.I. 141-1, at 10.) Yet *H&R Block* holds that such "limited and marginal" switching is irrelevant for purposes of relevant market analysis. *H&R Block*, 2011 WL 5438955, at *16 (noting that "[w]hile some diversion from [software] to manual filing may occur in response to a SSNIP," any such diversion "would likely be limited and marginal" because "[t]he functional experience of using a [software] product is meaningfully different from the self-service task of filling out tax forms independently").

For the reasons discussed above, *H&R Block* demonstrates that RealPage has adequately alleged a relevant market. RealPage respectfully requests that the Court take the *H&R Block* opinion under advisement when ruling on the Motion.

DATED: January 12, 2012

MARK A. SAMUELS
DAVID R. EBERHART
SHARON M. BUNZEL
JAMES M. PEARL
O'MELVENY & MYERS LLP


By: /s/ Mark A. Samuels
Mark A. Samuels
Attorneys for Defendant and
Counterclaimant REALPAGE, INC.